## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 151 | **DATE** | 7/5/2011 |
| **CASE TITLE** | Westmoreland County Employee Retirement System v. Baxter International Inc., et al. | | |

**DOCKET ENTRY TEXT**

The Court appoints Westmoreland as lead plaintiff and Scott+Scott as lead counsel. The four actions are consolidated into the lowest-number case, 10 C 06514. The Clerk shall administratively terminate the other three case numbers (10 C 07131, 10 C 07317, and 11 C 00151) in order to prevent overlapping filings; all filings in those cases shall be treated as if they had been filed in 10 C 06514. Plaintiffs shall file a consolidated amended complaint on or before August 17, 2011. Defendants shall answer or otherwise plead on or before September 19, 2011. Status hearing is set for September 21, 2011.

■[ For further details see text below.]                                                    Docketing to mail notices.

---

## STATEMENT

In October 2010, Plaintiffs North Miami Beach General Employees Retirement Fund and Julie Weintraub filed a derivative action against the directors of Baxter International and one of its officers. R. 1. The complaint alleges that Defendants breached their fiduciary duty by failing, among other things, to correct the federal-law violations arising from Baxter's manufacturing and distribution of two infusion pumps. *Id.* ¶¶ 55-76. Three other derivative actions concerning the same two pumps were filed in this District. *Salyers v. Boomer et al.*, 10 C 07131; *LAMPERS v. Parkinson et al.*, 10 C 07317; *Westmoreland County Employee Retirement System v. Baxter International*, 11 C 00151. In light of the relatedness of the actions, the Court granted the motions to reassign. R. 59.

Before the Court are two competing applications to be named lead plaintiff (and lead counsel). R. 48, 64. Although either set of plaintiffs and counsel would likely more than adequately represent the shareholders' interests, on balance the Court concludes that Westmoreland should be the lead plaintiff. Furthermore, the Court will consolidate all four actions into the lowest-numbered case and order the filing of a consolidated amended complaint.

### I.

Federal Rule of Civil Procedure 23.1(a) provides that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders . . . who are similarly situated in enforcing the right of the corporation . . . ." Here, there is no question that the competing plaintiffs will "fairly and adequately" represent the shareholders' interests. The question instead is which lead plaintiff (and lead counsel) will best represent those interests. (Although this case is not governed by the PSLRA's appointment procedure, 15 U.S.C. § 78u-4(a)(3), the Court has the authority to appoint a lead plaintiff and counsel in a derivative action in order to create an efficient case-management structure.)

## STATEMENT

Plaintiffs agree that the Court should decide the issue based on the sensible factors set forth in *Dollens v. Zionts*, 2001 WL 1543524, at *5-6 (N.D. Ill. Dec. 4, 2001). Those factors are (a) the plaintiff's financial interest; (b) the preference for institutional investors to lead a lawsuit for shareholders; (c) the quality of the pleadings; (d) the vigor with which the plaintiff has pursued the suit; and (e) the plaintiff's arrangement on the payment of attorney's fees.

*Financial Interest.* The plaintiff with the largest financial interest at stake is Westmoreland. Westmoreland owns some 15,900 shares of Baxter stock, more than the combined total of North Miami (4800 shares) and LAMPERS (6800 shares). Although North Miami and LAMPERS each have a substantial financial incentive to vigorously litigate the case, this factor does tip in Westmoreland's favor, particularly where Westmoreland owns more than double the number of shares that North Miami and LAMPERS own individually.

*Institutional Investor.* The preference for an institutional investor is a wash because the competing plaintiffs are all institutional investors.

*Quality of the Pleadings.* Both complaints are of high quality: they contain many detailed factual allegations (prolixity and detail are not always a virtue in a complaint, but given the nature of the case, it was wise to include details) covering a substantial time period. Westmoreland's complaint does include allegations based on non-public information that Westmoreland obtained from Baxter pursuant to its books-and-records inspection rights under 8 Del. Code § 220. Those allegations were made in an effort to stave off the inevitable demand-futility argument. (The Court is of course not pre-judging the merits of the complaint's sufficiency.) On balance, the Westmoreland pleading has the advantage.

*Vigorousness of Prosecution.* Both plaintiffs have shown admirable vigor in pursuing this litigation. (Indeed, some of the overheated rhetoric in the competing motions could lead one to conclude that there has been a bit too much "vigor.") For their part, North Miami-LAMPERS intervened in a similar Lake County Circuit Court derivative action (brought by an individual shareholder) and obtained a stay in favor of the federal suits. Although the Court doubts that there would have been any claim preclusion effect (as North Miami-LAMPERS argues) on the federal plaintiffs if Defendants had prevailed in the state court suit, there is some benefit to ensuring that institutional investors pursue the derivative action. With regard to Westmoreland, as noted above, it obtained non-public information to include in the complaint's allegations, and the information might benefit the shareholders in responding to the demand-futility argument. Vigorousness of effort is not going to be a problem in this lawsuit; this factor is a wash.

*Attorney's Fees.* Because the plaintiffs are both institutional investors, and both aver that they negotiated fee arrangements at arm's length, there is no reason to believe that one or the other fee arrangement will be superior. This factor too is a wash.

In light of Westmoreland's advantage in its greater financial interest and quality of pleadings, the Court appoints Westmoreland as lead plaintiff. The Court also notes that there might have been disadvantages, with no advantages, in appointing North Miami and LAMPERS as co-lead plaintiffs with co-lead counsel: there is no reason to think that two heads would be better than one in this suit, whereas appointing two lead plaintiffs and two law firms as lead counsel would have created the potential for disagreement and inefficiencies.

The Court also appoints Westmoreland's chosen firm of Scott+Scott as lead counsel. Westmoreland

## STATEMENT

explains, in detail, the firm's substantial experience in other shareholder lawsuits. The experience includes actions against other companies governed by the FDA, and that regulatory experience will be valuable in this suit given the complaint's allegations. Correspondingly, as requested by Westmoreland, the Court also appoints Freed Kanner London & Millen LLC to be liaison counsel. However, the Court fully expects that with the use of electronic-mail and other efficient ways to disseminate information, lead and liaison counsel will be able to reasonably minimize administrative fees and costs.

### III.

For the reasons stated above, the Court appoints Westmoreland as lead plaintiff and Scott+Scott as lead counsel. In addition, the Court also orders the following:

a.  The four actions are consolidated into the lowest-number case, 10 C 06514. The Clerk shall administratively terminate the other three case numbers (10 C 07131, 10 C 07317, and 11 C 00151) in order to prevent overlapping filings; all filings in those cases shall be treated as if they had been filed in 10 C 06514.

b.  Plaintiffs shall file a consolidated amended complaint on or before August 17, 2011. If Plaintiffs wish to file portions of the consolidated amended complaint under seal, then Plaintiffs may do so but the filing must be followed, no more than 7 days after filing the complaint, by a motion to maintain portions of the complaint under seal. The motion must specifically explain why sealing is justified under controlling Seventh Circuit law. *See Baxter Int'l v. Abbott Laboratories*, 297 F.3d 544, 546-47 (7th Cir. 2002); *Union Oil v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Plaintiffs must confer with Defendants before filing the motion to determine Defendants' position, and Plaintiffs should notice the motion for presentment so that the Court has a fixed date upon which to rule on the motion.

c.  Defendants shall answer or otherwise plead on or before September 19, 2011. Status hearing is set for September 21, 2011. If Defendants file a motion to dismiss rather than an answer, then the Court will likely set a briefing schedule and vacate the status hearing.

ENTERED:

_____

Honorable Edmond E. Chang